A. O. ANDERSEN TRADING COMPANY, LTD., Respondent, *v.* SAMUEL BRODY, Appellant.

First Department, April 6, 1923.

Sales — action by buyer to recover for breach of warranty of goods purchased for shipment to foreign country — loss of profit claimed as special damage — goods were resold after arrival at destination for less than original sale by plaintiff — recovery cannot be sustained in absence of proof of cost of transportation — verdict for plaintiff cannot be sustained though it is less than gross loss — special damage for breach of warranty based on loss of profit cannot be recovered in absence of proof that such damage was within contemplation of parties.

In an action to recover for breach of warranty of goods sold to the plaintiff for shipment to a foreign country, a verdict in favor of the plaintiff for special damage based on loss of profit on the sale of the goods by the plaintiff, where the goods were resold at the point of destination for less than the original sale price, cannot be sustained in the absence of proof as to the cost of transportation since that amount must be deducted from plaintiff's gross loss.

The verdict of the jury for $1,000 is not supported by the evidence in the absence of such proof, though the gross loss to the plaintiff amounted to $3,125, or more.

Special damage for breach of warranty based on loss of profit cannot be recovered in the absence of proof that such damage was within the contemplation of the parties, and mere knowledge on the seller's part that the goods were purchased for resale is not sufficient to sustain a finding that the seller was responsible for any loss of profit sustained by the buyer in the event of a breach of warranty.

APPEAL by the defendant, Samuel Brody, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of July, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of July, 1922, denying defendant's motion for a new trial made upon the minutes.

*David Haar* of counsel, for the appellant.

*Duncan & Mount* [*Henry W. Nichols, 3d* of counsel], for the respondent.

FINCH, J.:

The action is to recover damages for the breach of a warranty in the sale of second-hand bags for export use. The bags were sold from sample and were to be of a certain grade, clean, free

from holes and suitable for packing coffee. The bags were to be delivered at the pier of the steamship company, and the purchase price to be paid upon delivery to plaintiff of the steamship company's receipt for the bags. Delivery and payment were made in accordance with the terms of the contract. It appears that the goods had been sold by plaintiff to a customer at Port au Prince. Upon arrival they were rejected by said customer because they were unclean, unsound and unfit for the purpose for which they were purchased. The plaintiff sent a representative to Port au Prince, who verified the condition of the bags, and they were there sold for the best price obtainable. The plaintiff's proof of damage consisted of proof of loss of profit on the sale, on the theory of special damage. It was left to the jury to determine whether the facts warranted such special damage.

Passing the question whether there is sufficient evidence to sustain an award of special damages, it is clear that there is lacking an important element of proof of such damage, in that there was no proof of the cost of transportation of the goods to Port au Prince. The goods were purchased from defendant for $6,975. They were sold by plaintiff for $9,600, and were finally resold for $7,000. Plaintiff had to refund the sum of $9,600, plus duty of $525 paid by the purchaser, and some other incidental expenses of the purchaser that were not proved, so that the gross loss to plaintiff amounted to $3,125 or more. From this amount would have to be deducted the cost of freight and insurance, which were payable by the plaintiff. While the jury returned a verdict for only $1,000, in the absence of proof of said cost of freight and insurance, the verdict is not supported by the evidence.

Moreover, the only proof in the record to sustain an award on the theory of special damage by way of loss of profit on a resale, is that under the written order the bags were to be marked " C. F. M., Port au Prince," coupled with some rather indefinite testimony elicited from the plaintiff to the effect that in connection with the disposition of the goods, defendant had said to plaintiff that there was a customer in Haiti. The particular customer was not stated nor the terms of the contract of sale. The measure of damage ordinarily recoverable for a breach of warranty is specifically provided by statute (Pers. Prop. Law, § 150, as added by Laws of 1911, chap. 571); and in order to recover special damages, it must be made to appear that such were within the contemplation of the parties at the time of the making of the contract. Mere knowledge on defendant's part that the bags were purchased for resale would not be sufficient to sustain a finding that the defendant was responsible for any loss of profit sustained by the plaintiff

in the event of a breach of warranty.   (*Globe Refining Co.* v. *Landa Cotton Oil Co.*, 190 U. S. 540, 544.)

It follows that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, SMITH, PAGE and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.