Jacob Mabkoavitz, J.
Plaintiff sues upon a cause of action for goods sold and dehvered, to recover a balance due of $5,741.42. Defendant manufacturers artificial Christmas trees, Avhich are placed in pots supplied to it by the plaintiff’s assignor. The defendant claims that to some extent the materials delivered to defendant were defective and required further working by it, and consequently in the original answer it set forth a counterclaim representing the cost to it of putting the pots in shape.
On plaintiff’s motion for partial judgment, he deducts the amount in suit under the counterclaim, in the sum of $1,670.19, and therefore asks for partial judgment in the sum of $4,071.23.
On the day notice of motion was served, the defendant served an amended ansAver containing a second counterclaim, and in it the defendant alleges that as a result of the failure of plaintiff’s assignor to deliver proper goods, made in a workmanlike manner, the defendant was unable to meet production and shipping requirements, resulting in a loss in sales and a loss of profits in the sum of $2,400.
This motion is submitted upon the basis of the amended ansAver containing the second counterclaim. Plaintiff states in the moving affidavit that motion for partial judgment was made rather than waiting for trial of the entire cause because, plaintiff says, defendant’s financial condition is precarious, and it seems to me that the defendant demonstrates this fact to be true and that the defendant’s assertion of the second counterclaim is dilatory and that the counterclaim is sham.
The additional counterclaim set up in the amended answer presents no triable issue of fact. Subdivision 7 of section 150 of the Personal Property Law, provides that in case of a breach of warranty of quality, the recoverable damage, “ in the absence of special circumstances showing proximate damage of a greater amount, is the difference betAveen the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the Avarranty. ’ ’ Loss of profits is not ordinarily recoverable on a claim of breach of warranty (Andersen Trading Co. v. Brody, 205 App. Div. 47; Matter of Gotham Silver Co., 91 F. Supp. 520, 526; Log Cabin Rest v. Alpine Wine & Liq. Corp., 110 N. Y. S. 2d 734). KnoAvledge that the articles were purchased for resale is not sufficient to take this case out of the general rule. “ [I]t must be made to appear that such [damages for loss of profits] Avere within the contemplation of the parties at the time of the making of the contract.” (Andersen Trading Co., supra, p. 48.)
In the instant case, defendant fails to set forth any facts as to when the redrilling and repainting were completed, or *993 as to when delivery had to be made under the orders of defendant’s customers. It does not appear that the plaintiff knew, or had reason to know, that the defects would cause a loss of profits to defendant on orders it could not fill in time. Nor is it shown that defendant could not have purchased pots from someone other than plaintiff’s assignor in order to fill its orders in time.
Accordingly, the motion is granted; the second counterclaim should be dismissed, the first counterclaim allowed to go to trial, plaintiff awarded partial judgment in the amount requested, and the action severed accordingly.